UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2016 FEB -9 AM 10:19

**MARK J. JACOBBI**

    **Plaintiff**        Case No. ~~3:15-cv-~~

    3:16-cv-129-J-34JBT

v.

**SIRIUS XM RADIO INC.**
**&**
**UNNAMED JOHN DOE 1**
**UNNAMED JOHN DOE 2**

    **Defendant(s)**

_____/

## COMPLAINT / DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MARK J. JACOBBI on behalf of himself, sues Defendants SIRIUS XM RADIO INC. and UNNAMED JOHN DOE 1, UNNAMED JOHN DOE 2 ( Collectively as "Defendant(s)"), in support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

A. This is an action for statutory and punitive damages brought by Plaintiff, <u>as a individual consumer</u>, against "Defendant(s)" SIRIUS XM RADIO INC. and UNNAMED JOHN DOE 1, UNNAMED JOHN DOE 2 ( Collectively as "Defendant(s)"), for their "Willful", routine, systematic and multiple violations of the Telephone Consumer Protection Act (TCPA) 47 U. S. C. §227, & the Florida Deceptive Unfair Trades Practices Act (FDUTPA), including but not limited to; FS 501.204, <u>Unlawful acts and practices</u>.— (1) Unfair methods... ...unfair or deceptive acts or practices in the conduct of any trade or commerce ...<u>hereby declared unlawful</u>.

1

## **Background**

**B.** Plaintiff sues Defendants SIRIUS XM RADIO INC., JOHN DOE 1 & JOHN DOE 2 that includes various employees or agents of Defendant(s) by Private Right of Action under the Telephone Consumers Practices Act "TCPA" and the Florida Deceptive Unfair Trades Practices Act "FDUTPA", arising from a series of telephone calls and unlawful solicitations. Plaintiff alleges Defendants reached into the State of Florida to conduct business with a "Consumer" without registering as a "Foreign Corporation" with the Florida Secretary of State. see; F.S. 607.1501, a foreign corporation may not transact business in Florida until it obtains a certificate of authority from the Florida Department of State. Plaintiff uses Exhibits A, B, C, D, E, F, G, H, & I that shows Defendants "Willfully" called Plaintiffs cell phone using an "Auto Dialer" and did in fact fail to register and obtain a certificate of authority with the Florida Secretary of State to do business within the State of Florida. Plaintiffs have failed to provide consumers with a Florida registered agent. Furthermore, Plaintiff alleges Defendant violated Florida Statutes 865.09, Fictitious name registration and may not maintain or avail protection under Florida Law. see; (9) PENALTIES— (a) If a business fails to comply with this section, the business, its members, and those interested in doing such business may not maintain any action, suit, or proceeding in any court of this state until this section is complied with. Also see; (c) Any person who fails to comply with this section commits a misdemeanor of the second degree, punishable as provided in FS 775.082 or FS 775.083. Plaintiff further alleges that the mode and manner in which the Defendants SIRIUS XM RADIO INC., and its employees or agents, called him, and solicited, violated both the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Deceptive Unfair Trades Practices Act ("FDUTPA") Chapter 501 of the Florida Consumer Protection Statues, including but not limited to: FS 501.059, FS 501.2075, and FS 501.616 as to the following;

(1) Defendants used a "automatic telephone dialing system" ("ATDS") in "Willful" repeated and continuous violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

(2) Plaintiff has never given express written consent required under the "Act". ("TCPA")

2

(3) Defendants violated FS 501.059 Telephone solicitation.— (8)(a) No person shall make or knowingly allow a telephonic sales call to be made if such call involves an <u>automated system</u> for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called.

(4) Defendants violated FS 501.616 Unlawful acts and practices.—(2) A commercial telephone seller may not employ or be affiliated with an unlicensed salesperson. (3) A salesperson may not be employed by or affiliated with an unlicensed commercial telephone seller.

(5) Defendants are liable under FS 501.2075 Civil penalty.—Except as provided in s. <u>501.2077</u>, any person, firm, corporation, association, or entity, or any agent or employee of the foregoing, who is <u>willfully</u> using, or has <u>willfully used</u>, a method, act, or practice declared unlawful under s. <u>501.204</u>, or who is <u>willfully violating</u> any of the rules of the department adopted under this part, is liable for a civil penalty of not more than <u>$10,000 for each such violation</u>. Willful violations occur when the person knew or should have known that his or her conduct was unfair or deceptive or prohibited by rule. see; Exhibit "A"

(6) <u>Defendants reached into the State of Florida to "Conduct Commerce" without properly registering with the Florida Secretary of State, as a "Foreign Corporation"</u>, committing deception upon a "Consumer" that includes, but not limited to, failing to provide a consumer or consumers with a Florida Registered Agent, in violation of the Florida Deceptive Unfair Trades Practices Act (FDUTPA). see; Exhibit "B"

### Plaintiff is a registered member of the FLORIDA NO CALL LIST

<u>Rules and Regulations Implementing the Telemarketing and Consumer Fraud and Abuse Prevention Act</u>

see; 16 C.F.R 310.4(b)(iii)(A) prohibits calling anybody who has previously asked not to be called.

also see; 47 C.F.R. 64.1200(b)(1) <u>requires that recorded messages state the identity of the business responsible for the call at the beginning</u>, & 64.1200(b) requires they state the telephone number of the business during the call. also see; 47 C.F.R. 64.1200(c)(2) prohibits calling any number on the national Do Not Call list.

3

## Jurisdiction and Venue

C. Jurisdiction of the Court arises under 15 U.S.C. section 1681p and 28 U.S.C. section 1337. Declaratory relief is available pursuant to 28 U.S.C. sections 2201 and 2202 and supplemental jurisdiction exists for the state law claims pursuant to 28 USC 1367. Venue is this district, is proper in that the alleged violation by Defendants took place in Saint Johns County Florida.

## Parties

D. Plaintiff Mark J. Jacobbi is a natural person, with a private right of action, residing in Saint Johns County, FL, and at all times material, Plaintiff resides in Saint Johns County Florida where the violations occurred. Plaintiffs Private Right of Action is provided to him under 47 U.S.C. § 227 (3) and Chapter 501, FS 501.

E. Defendant(s) SIRIUS XM RADIO INC., JOHN DOE 1 & JOHN DOE 2, its agents or principles, upon information and belief, is a "Foreign Corporation", for Profit Corporation, with its principle place of business at 1221 Avenue of the Americas 36th Floor New York, NY 10020, and its CEO is known as James E. Meyer.

F. Unless otherwise noted, the following facts are undisputed. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants. At all times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

## Telephone Consumer Protection Act

G. "Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 268 (3d Cir. 2013)* (citing *Mims v. Arrow Fin. Servs., LLC, 132 S.Ct. 740, 745 (2012)*). The TCPA, in relevant part, makes it unlawful for any person "to make any call (other

4

than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ...." 47 U.S.C. § 227(b)(1)(A). "The TCPA is essentially a strict liability statute" and "does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir. 2011)*.

### Automatic Telephone Dialing Systems ("ATDS")

H. The statute defines "automatic telephone dialing system" ("ATDS") as "equipment which has the *capacity*—(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a) (emphasis added). To satisfy that definition, the equipment does not actually have to store or produce telephone numbers or to use a random or sequential number generator; it merely must have the capacity to do so. see; *Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009)*. The FCC has ruled that a predictive dialer qualifies as an ATDS. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 FCC Rcd. 14014*, 14091-93 (July 3, 2003).

(b) The agency found that predictive dialer hardware, "when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." "In 2008, the FCC issued a Declaratory Ruling reaffirming that 'a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers.'" *Echevvaria v. Diversified Consultants, Inc., 2014 WL 929275, at *5 (S.D.N.Y. Feb. 28, 2014)* (quoting In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling, 23 F.C.C. Rcd. 559, 556 ¶ 12, 2008 WL 65485 (F.C.C. Jan.4, 2008)). See; *Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012)* (holding that a predictive dialer is an ATDS under the TCPA); *Vance v. Bureau of Collection Recovery LLC, 2011 WL 881550 (N.D. Ill. Mar. 11, 2011)*.

**Defendants used a ATDS "automatic telephone dialing system" to call plaintiff, without his prior consent**

**TCPA Has a 4 Year Statutes of Limitations**

I. Virtually every court has held that the general four-year statute of limitation for federal claims applies to TCPA claims under either sections 227(b) or (c). see; *Benedia v. Super Fair Cellular, Inc., 2007 WL 2903175 (N.D. Ill. Sept. 26, 2007); Sznyter v. Malone, 66 Cal. Rptr. 3d 633 (Cal Ct. App. 2007)* (rejecting argument that TCPA incorporates state statute of limitation); *Zelma v. Konikow, 879 A.2d 1185 (N.J. Super. Ct. App. Div. 2005) see; Stern v. Bluestone, 850 N.Y S.2d 90 N.Y. App. Div. 2008), rev'd on other grounds, 911 N.E.2d 844 (N.Y. 2009); Grady v. OTC Investor's Edge, 2003 WL 2282294 (Ohio Ct. Com. Pl. Oct. 15, 2003)*

**Florida Statute 501, The FDUTPA is intended to " Protect the Consuming Public "**

J. Florida Statute 501, The FDUTPA is intended to "Protect the Consuming Public" & legitimate business enterprises from those who engage in unconscionable, <u>deceptive</u>, or unfair acts or practices in the conduct of any trade or commerce. FS § 501.202(2). see; *Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc., 693 So.2d 602, 605-06 (Fla. 2d DCA 1997)* (discussing the purpose of FDUTPA in light of its legislative history). A deceptive practice is one that is "likely to mislead" consumers. see; *Davis v. Powertel, Inc., 776 So.2d 971, 974 (Fla. 1st DCA 2000)*. An unfair practice is "one that `offends established public policy and one that is `immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. see; " *Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 499 (Fla. 4th DCA 2001)* (quoting *Spiegel, Inc. v. Fed. Trade Comm'n, 540 F.2d 287, 293 (7th Cir.1976))*. Plaintiff contents that the entire body of state and federal rules, ordinances, and statutes which serves to identify specific illegal acts under the FDUTPA, if violated, could automatically expose parties to actual damages, injunctions, and civil penalties up to $15,000 per violation.

## Plaintiff Can Prove Injury to a Jury

K. **Plaintiff can provide evidence at trial** that <u>Defendant,</u> is operating in the State of Florida, as a "Foreign Corporation" and <u>has failed to register with the Florida Secretary of State to do business in Florida</u> in clear violation of the Florida Deceptive Unfair Trades Practices Act (FDUTPA). see; Exhibit "B" and; Defendant maintains offices or is doing business and advertising for employment in the State of Florida at;

**Sirius XM Radio Inc. 3161 SW 10th St Ste A, Deerfield Beach, FL 33442**

**Office (954) 571-4300**

O. **Defendant "Willfully Violated"** TCPA statutes 47 U.S.C. § 227, <u>that includes having no permanent business plan in place to stop continued violations.</u> see; *Brian Trenz v. Toyota / Sirius (Jan 2015)*, see; *Knutson v. Sirius XM Radio Inc., No.12-56120 (9th Cir. Nov. 10, 2014).* also see; Exhibit " H " copy of the NEW YORK DEPT. OF STATE, Fine and Consent Order File: #11 DNC 04, #14 DNC 1654 dated 1-12-2015 against Defendant " SIRIUS XM RADIO Inc." for violations of the Telephone Consumers Practices Act.

**As of the filing of this suit, Plaintiff had never done any business with Defendants.**

## The Telephone Calls

J. August 27th 2015 - 4:22pm, a representative from SIRIUS XM RADIO Inc. called Plaintiffs cell phone 904-477-3875, and left a voice mail message requesting a return call for Plaintiff to take advantage of a Marketing Promotion. The phone number (800) 967-2346 was displayed on Plaintiffs cell phone. Plaintiff has not given written consent for Defendants to call. August 28th 2015 -7:28pm, a representative from SIRIUS XM RADIO Inc. called Plaintiffs cell phone 904-477-3875, and left same message. The phone number (800) 967-2346 was displayed on Plaintiffs cell phone. Plaintiff has not given written consent for Defendants to call. On August 31st 2015 -1:59pm, a representative from SIRIUS XM RADIO Inc. called Plaintiffs cell phone 904-477-3875, and left same message. The telephone number (800) 967-2346 was displayed on Plaintiffs cell phone. Plaintiff has

7

not given written consent for Defendants to call. On November 20th 2015 -10am, a representative from SIRIUS XM RADIO Inc. called Plaintiffs cell phone 904-477-3875, and left same message. The telephone number (855) 404-0163 was displayed on Plaintiffs cell phone. On November 23rd 2015 - 4:01pm, a representative from SIRIUS XM RADIO Inc. called Plaintiffs cell phone 904-477-3875 and left same message. The telephone number (855) 404-0163 was displayed on Plaintiffs cell phone. Plaintiff has not given written consent for Defendants to call as required under TCPA.

**K. Defendants are Vicariously liable**; Corporations are liable under " TCPA" <u>for 3rd Party Actions</u>. see; *Gomez v. Campbell-Ewald Co. 768 F.3d 871 (9th Cir. 2014)*. Vicarious liability can exist against a person who delegates to another...Absent a clear expression of Congressional intent to apply another standard, a court must presume that Congress intended to apply the traditional standards of vicarious liability to unsolicited automated telephone calls made by a third party marketing consultant hired by merchant in violation of the Telephone Consumer Protection Act's (TCPA). see; *Telephone Consumer Protection Act of 1991*, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii), (b)(2).11. <u>Defendant may be held vicariously liable for Telephone Consumer Protection Act (TCPA) violations where the plaintiff establishes an agency relationship</u>.

**L. The TCPA provides for damages** in an amount totaling the greater of actual monetary loss or $500 for each violation of the statute 47 U.S.C. § 227(b)(3)(B). However, <u>a plaintiff may recover treble damages if a defendant willfully or knowingly violated the statute</u> or regulations promulgated under § 227(b). Id. § 227(b)(3). While neither the TCPA nor FCC regulations provide a definition for willful and knowing, most courts have interpreted the willful or knowing standard to require only that a party's actions were intentional. see: *Alea London Ltd., 638 F.3d* at 776 (holding that the TCPA requires mere "knowing" conduct); *Harris v. World Fin. Network Nat. Bank, 867 F. Supp. 2d 888, 896-97 (E.D. Mich. 2012); Sengenberger v. Credit Control Servs., Inc., 2010 WL 1791270 (N.D. Ill. May 5, 2010); Bridgeview Health Care Ctr. Ltd. v. Clark, 2013 WL 1154206 (N.D. Ill. Mar. 19, 2013)*. see, e.g., *Texas v. Am. Blastfax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001)* (requiring knowledge that conduct violated the statute).

8

## Defendants Violations of the Telephone Consumers Protection Act (TCPA)

### Count I

1. On August 27th 2015 4:22pm, a representative from SIRIUS XM RADIO Inc. "Willfully" called Plaintiffs cell phone 904-477-3875, and left a voice mail message requesting a return call for Plaintiff to take advantage of a Marketing Promotion. The telephone number (800) 967-2346 was displayed on Plaintiffs cell phone. Plaintiff has not given written consent for Defendants to call as required under TCPA.

### Count II

2. On August 28th 2015 7:28pm, a representative from SIRIUS XM RADIO Inc. "Willfully" called Plaintiffs cell phone 904-477-3875, and left same message. The telephone number (800) 967-2346 was displayed on Plaintiffs cell phone. Plaintiff has not given written consent for Defendants to call as required under TCPA.

### Count III

3. On August 31st 2015 1:59pm, a representative from SIRIUS XM RADIO Inc. "Willfully" called Plaintiffs cell phone 904-477-3875, and left same message. The telephone number (800) 967-2346 was displayed on Plaintiffs cell phone. Plaintiff has not given written consent for Defendants to call as required under TCPA.

### Count IV

4. On November 20th 2015 10am, a representative from SIRIUS XM RADIO Inc. "Willfully" called Plaintiffs cell phone 904-477-3875, and left same message. The telephone number (855) 404-0163 was displayed on Plaintiffs cell phone. Plaintiff has not given written consent for Defendants to call as required under TCPA.

### Count V

5. On November 23rd 2015 4:01pm, a representative from SIRIUS XM RADIO Inc. "Willfully" called Plaintiffs cell phone 904-477-3875, and left same message. The telephone number (855) 404-0163 was displayed on Plaintiffs cell phone. Plaintiff has not given written consent for Defendants to call as required under TCPA.

## **Defendants Continuing Violations of the Florida Deceptive Unfair Trades Practices Act (FDUTPA)**

### Count VI

6. <u>Defendants are committing deception upon "Consumers"</u> by failing to provide a consumer or consumers with a Florida Registered Agent required under Florida state law, in clear violation of the Florida Deceptive Unfair Trades Practices Act (FDUTPA). see; <u>Florida Secretary of State Certification of Non Compliance,</u> see; Exhibit "B". see; Defendants other Sister State filings in; Vermont, Connecticut, New York, Virginia and California. Exhibits C,D,E,F,G., showing registered agents.  <u>Defendants are currently unregistered in Florida.</u>

### Count VII

7. <u>Defendants are doing business in Florida, without authorized authority with the Florida Secretary of State</u> in non compliance with FS 607.1501, and FS 501, the Florida Deceptive Unfair Trades Practices Act (FDUTPA), including but not limited to; FS 501.204, <u>Unlawful acts and practices.</u>— (1) …deceptive acts or practices in the conduct of any trade or commerce …<u>hereby declared unlawful.</u>   see: Exhibit "B".

### Count VIII

8. Defendants have made marketing solicitations and prohibited phone calls in violation of the Florida Deceptive Unfair Trades Practices Act (FDUTPA). see; FS 501.059 Telephone solicitation.— (8)(a) <u>No person shall make or knowingly allow a telephonic sales call to be made if such call involves an automated system.</u> also see; also see; FS 501.059 (d) "Doing business in this state" means businesses that conduct telephonic sales calls from a location in Florida or from other states or nations to consumers located in Florida.
see; FS 501.059 (g) "Telephonic sales call" means a telephone call or text message to a consumer for the purpose of soliciting a sale of any consumer goods or services.

### Count IX

<u>9. Defendants violated Florida Statutes 865.09</u>, Fictitious name registration and may not maintain or avail protection under Florida Law. see; (9) PENALTIES— (a) If a business fails to comply with this section, the business, its members, and those interested in doing such business <u>may not maintain any action, suit, or proceeding in any court of this state</u>…

**WHEREFORE, Plaintiff respectfully prays for relief:**

(A) Declaratory judgment in favor of Plaintiff with all other relief the Court deems just on all counts.

(B) Preliminary and permanent injunctive relief, enjoining the named Defendants for Vicarious liability and other conspirators, from engaging in further violations of the TCPA and FDUTPA.

(C) <u>Damages in the amount of $ 59,500.00</u> as awards for statutory & punitive damages;

(1) <u>$1500 for each</u> of Defendant's 5 (x Five) " <u>Willful</u> " call violations of the TCPA. (Statutory) Exhibit "A"

(2) <u>$1000 for each</u> of Defendants 2 (x Two) " <u>Willful</u> " violations of the FDUTPA. (Statutory)

(3) <u>$50,000.00</u> to be awarded to Plaintiff for Punitive Damages for unreasonable intrusion, and invasion of privacy, sending a clear message to any parties that continually and systematically violate both Federal and State laws and <u>illegally conduct business in the State of Florida</u> in violation of the TCPA & FDUTPA.

see; Exhibits "A", "B","C","D", "E", "F" & "G"& "H"& "I".

**Plaintiff reserves the right to amend his complaint to file "<u>Class Action Status</u>" against Defendants.**

Affiants are over the age of twenty one years, competent to testify, having first hand knowledge, do attest and swear under pains and penalty of perjury, all of the above is true, correct and complete.

_2-8-2016_
Dated

_Mark J. Jacobbi_ / Pro se

Mark J. Jacobbi
1076 Durbin Parke Drive
St. Johns, Fl 32259   904-710-7502
e-mail: <u>repairhouse@hotmail.com</u>

11